UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                              Case No. 19-22567-AJC
                                                    Chapter 11
PAUL WIGODA,

     Debtor.
_____/

## PW CAPITAL COLLECTIONS, LLC'S MOTION FOR COMFORT ORDER

Pursuant to 11 U.S.C. §§ 105 and 362, PW Capital Collections, LLC ("PW Capital") moves for the entry of a comfort order with respect to its continued prosecution of a state court action to enforce a final judgment against Paul Wigoda M.D., P.A., a Florida corporation ("Wigoda PA"). The individual Debtor, Paul Wigoda, is a co-defendant in the state court action and the pendency of this case stays the action as to the Debtor. The grounds for this motion are as follows.

### Statement of Facts

1.     PW Capital holds a final judgment against Wigoda PA and the Debtor, entered on March 5, 2019, in the amount of $4,732,216.76, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 18-39577 CA 30. A copy of the final judgment is attached as Exhibit 1. A copy of the assignment to PW Capital is attached as Exhibit 2.

2.     On September 20, 2019, the Debtor filed this chapter 11 bankruptcy case.

3.     On September 25, 2019, the state court entered an order placing the case on inactive status due to the bankruptcy stay. A copy of the order is attached as Exhibit 3.

### Legal Argument

"Comfort orders serve a valuable purpose. The orders are entered primarily for a third party's benefit, often to help a sister state court attempting to determine whether it can proceed

with a pending action, such as a foreclosure. The orders merely identify and reiterate what has already occurred by operation of law. Comfort orders also protect creditors from potential ramifications of acting in violation of the automatic stay by obtaining a cloak of cover from the court." *In re Hill*, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007) (internal quotations and citation omitted). "Courts traditionally have exercised broad discretion in determining whether to enter comfort orders. The power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Id.* (quoting 11 U.S.C. § 105; other citation omitted).

The Debtor's petition operates as an automatic stay of state court actions against the Debtor only. *See* 11 U.S.C. § 362(a); *see Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 735 (S.D. Fla. 2010) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a debtor"); *Puig v. PADC Mktg., LLC*, 26 So. 3d 45, 47 (Fla. 3d DCA 2009) ("The language of section 362 refers only to actions against the debtor and does not relate to any other interparty claims. Both federal and state courts in Florida have followed the general rule that the United States Bankruptcy Code generally stays proceedings against the debtor alone."). "The law makes clear … that the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors." *In re Sunbeam Sec. Litig.*, 261 B.R. 534, 536 (S.D. Fla. 2001) (citations omitted).

Courts have "on occasion" applied the automatic stay to non-debtors based on "unusual circumstances." *Id.* Those circumstances may include (a) where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment will in effect be against the debtor, (b) where the action seeks possession or control

over property of the debtor, or (c) where stay protection is deemed essential to the debtor's efforts of reorganization. *See id.* at 536-37 (quotations and citations omitted). No unusual circumstances are present in this case. Wigoda PA is a separate entity with its own assets, PW Capital's state court action does not seek possession or control over any property of the Debtor, and a stay as to Wigoda PA would not serve to benefit the Debtor in any way.

PW Capital seeks to continue the prosecution of the state court action only against Wigoda PA. The state court action, as to Wigoda PA, is not automatically stayed by the filing of this bankruptcy case and neither the Debtor nor Wigoda PA has sought to stay it. PW Capital is accordingly requesting a comfort order from this Court to confirm that its prosecution of the state court action to enforce its judgment against Wigoda PA is not and will not be deemed a stay violation. The Debtor is not opposed to the relief sought in this motion.

WHEREFORE, PW Capital respectfully requests that the Court enter a comfort order providing that PW Capital's state court action, as to Wigoda PA, is not stayed, including all related post-judgment discovery, garnishments, and proceedings supplementary that do not involve the Debtor or the Debtor's property, and that PW Capital's prosecution of the action to enforce its judgment against Wigoda PA is not and will not be deemed a stay violation, and such further relief as is just and appropriate.


[remainder of page left blank]

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:    /s/ Peter A. Tappert
        Brian S. Dervishi
        Peter A. Tappert
Fla. Bar Nos. 350303 and 27100
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4077 (Facsimile)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com

Attorneys for PW Capital Collections, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2019, a true and correct copy of the foregoing

was served by CM/ECF on the parties named below and all others entitled to receive notice.

/s/   Peter A. Tappert
Peter A. Tappert

Bradley S. Shraiberg, Esq.
Shraiberg Landau & Page, P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

# Exhibit 1

CFN: 20190150952 BOOK 31357 PAGE 2851
DATE:03/08/2019 11:17:30 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

OCEAN BANK, a Florida banking corporation,    CASE NO.: 2018-39577-CA-01

      Plaintiff,

v.

PAUL WIGODA M.D., P.A., a Florida
corporation, and PAUL WIGODA, an individual,

      Defendants.

_____/

## AGREED FINAL JUDGMENT

**THIS CAUSE** was before the Court on Plaintiff Ocean Bank's ("**Plaintiff**") Motion for

Summary Judgment ("**Motion**") against Defendants Paul Wigoda M.D., P.A., ("**Wigoda M.D.**")

and Paul Wigoda ("**Wigoda**"). The Court having considered Plaintiff's Motion, the record, the

agreement of the parties, and being otherwise fully advised in the premises, it is **ORDERED AND**

**ADJUDGED** that:

    1.    The Court finds in favor of Plaintiff and against Wigoda M.D. and Wigoda on all

claims, defenses, and affirmative defenses raised herein.

    2.    Final Judgment be and the same is entered *in favor of Plaintiff and against Wigoda*

*M.D. and Wigoda*, who are located at 1404 E. Broward Blvd., Ft. Lauderdale, Florida 33301

(Wigoda M.D.) and 1802 Collins Avenue #1709, Sunny Isles Beach, Florida 33160 (Wigoda),

respectively, jointly and severally in the amount of **$4,732,216.76** (FOUR MILLION SEVEN

HUNDRED THIRTY TWO THOUSAND TWO HUNDRED AND SIXTEEN DOLLARS AND

76/00 CENTS), which includes (i) $3,999,013.85, the amount of principal on the Promissory



CFN: 20190150952 BOOK 31357 PAGE 2852

Note,[1] and (ii) $733,202.91, the prejudgment interest accrued on the Promissory Note through March 5, 2019, which shall bear interest at the applicable legal rate pursuant to Section 55.03, Florida Statutes (presently, 6.33% per annum), from the date of entry until satisfied, ALL FOR WHICH LET EXECUTION NOW ISSUE FORTHWITH.

3.      Plaintiff, Ocean Bank, holds a lien for the total sum specified in above, superior in dignity to any right, title, interest, claim or estate of Wigoda M.D. or Wigoda upon the personal property described in Exhibit A ("**Secured Property**").  The right, title, interest, claim or estate of Wigoda M.D. or Wigoda in the Secured Property is hereby foreclosed.

4.      Plaintiff is entitled to possession of the Secured Property and is entitled to a writ of replevin for any of the Secured Property.  The Clerk is hereby authorized, as of the date of this Order, to issue a Writ of Replevin for any of the Secured Property.  The Court retains jurisdiction to order the Clerk to issue further Writs of Replevin related to the Secured Property.

5.      The Court retains jurisdiction to issue additional orders related to this action, including, to enforce this Agreed Final Judgment, for the purpose of issuing a separate judgment as to the amount of attorneys' fees, costs, and expenses Plaintiff incurred in filing and prosecuting this action, including the fees and costs incurred in collection, and to reduce the amount of this Agreed Final Judgment by any collateral Plaintiff obtains through any replevin or collection proceeding.

6.      This Agreed Final Judgment is freely assignable without further order of this Court.

7.      Pursuant to Florida Rule of Civil Procedure 1.560(b), Wigoda M.D. and Wigoda shall each complete Form 1.977, Fact Information Sheet, and deliver the completed forms and all

---

[1] The Promissory Note is attached as Exhibit 2 to Plaintiff's Complaint.



CFN: 20190150952 BOOK 31357 PAGE 2853

required attachments to Plaintiff's counsel within 45 days of this Agreed Final Judgment. Failure

to obey this order may be considered contempt of Court.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 03/05/19.

REEMBERTO DIAZ
CIRCUIT COURT JUDGE

> **FINAL ORDERS AS TO ALL PARTIES**
> **SRS DISPOSITION NUMBER   12**
> THE COURT DISMISSES THIS CASE AGAINST
> ANY PARTY NOT LISTED IN THIS FINAL ORDER
> OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
> AS TO ALL PARTIES.
>
> Judge's Initials   RD

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

### EXHIBIT A

All of the personal property of Debtor/Obligor [Paul Wigoda M.D., P.A.], including but not limited to: All inventory, equipment, accounts (including but not limited to all health-care insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and



3

CFN: 20190150952 BOOK 31357 PAGE 2854

embedded software related to the forgoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to insurance payments) of or relating to the foregoing property.

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office, 4 - 24    AD 20 19
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____
GUETTY JEAN #217325

4

# Exhibit 2

CFN: 20190234024 BOOK 31405 PAGE 588
DATE:04/16/2019  08:23:38 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

THIS INSTRUMENT PREPARED BY:
MORGAN L. SWING, ESQ.
DUANE MORRIS, LLP
201 S. BISCAYNE BLVD., SUITE 3400
MIAMI, FL 33131

## ASSIGNMENT OF FINAL JUDGMENT

### KNOW ALL MEN BY THESE PRESENTS:

THAT OCEAN BANK, a Florida banking corporation, party of the first part, in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other valuable considerations, received from or on behalf of PW CAPITAL COLLECTIONS, LLC, a Florida limited liability company, party of the second part, whose address is 201 Alhambra Circle, Suite 1200, Coral Gables, Florida 33134, at or before the execution and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain sell, assign, transfer and set over, without representation, warranty, or recourse, unto the said party of the second part all of its rights, title, and interest in that certain Final Judgment dated March 5, 2019, recorded March 8, 2019 as Instrument No. 115662979 and recorded March 11, 2019 as Instrument No. 115665519, both in the Public Records of Broward County, Florida and recorded March 12, 2019 in Official Records Book 31362, Page 1252 under Instrument No. 20190159478 and recorded March 13, 2019 in Official Records Book 31363, page 249, under Instrument No. 20190160852, both in the Public Records of Miami-Dade County, Florida

OCEAN BANK further represents and warrants that it (i) has not prior to the date hereof, assigned, pledged, hypothecated or otherwise transferred said Final Judgment, and (ii) has all requisite power and corporate authority to assign said Final Judgment.

TO HAVE AND TO HOLD the same unto the said party of the second part, its heirs, legal representatives, successors and assigns forever.

IN WITNESS WHEREOF, we have hereunto set our hands and seals, this __9__ day of April, 2019.

Signed, sealed and delivered
in the presence of:

OCEAN BANK, a Florida banking corporation
780 NW 42nd Avenue
Miami, Florida 33126

_____
EVELYN SOTO

By: _____ SVP
Suzayn Sheafin-Yap, Sr. Vice-President

_____
JOSEPH MOUSSA

Attest: _____
Concha M. Rodriguez, Assistant Secretary

Page 1 of 2

STATE OF FLORIDA            )
                           ) SS:
COUNTY OF MIAMI-DADE   )

    THE FOREGOING instrument was acknowledged before me this ____ day of April, 2019, by SUZAYN SHEARIN-YAP and CONCHA M. RODRIGUEZ, as Sr. Vice President and Assistant Secretary, respectively, of OCEAN BANK, a Florida banking corporation, on behalf of the corporation. They are personally known to me.

                          NOTARY PUBLIC, STATE OF FLORIDA

My Commission expires:

MARTHA GUERRA
Notary Public - State of Florida
Commission # FF 982564
My Comm. Expires Apr 17, 2020
Bonded through National Notary Assn.

# Exhibit 3

PW Capital Collections
**Plaintiff,**

vs.

Paul Wigoda
**Defendant**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CIRCUIT CIVIL DIVISION

UNIFORM CASE NO.: 18-39577 CA01

### ORDER PLACING CASE ON INACTIVE STATUS DUE TO:

This case came before the Court, and the Court has been advised that the Plaintiff/ Defendant have/has moved to place the case on INACTIVE status due to:

☑ Bankruptcy stay, Case No. 19-22567-AJC [BKST]

☐ Case pending resolution of another case, Case No._____ [CPRC]

☐ Written agreement of the parties [WAGT]

☐ Appeal pending [APLP]

☐ Motion to stay or abate due to Department of Justice/Attorney General settlement [DJAD]

☐ Other (a reason must be provided in writing by the presiding judge or designee) [OTHR]

_____

The Clerk of Court is therefore directed to remove this case from the **ACTIVE** status, and designate it as an **INACTIVE** case category based on the reason checked above. The parties must return the case to active status by motion, with notice to all parties, within 30 days of the termination of grounds for inactive status, and seeking an order of court returning it to active status.

**DONE** and **ORDERED** in Miami-Dade County, Florida, this ____ day of _____ 20___.

SEP 2 5 2019

_____
Presiding Judge or Magistrate

Jennifer D. Bailey
Circuit Court Judge

cc: Service List