UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Paul Wigoda,                                                    Case No. 19-22567-AJC

        Debtor.                                              Chapter 11

_____/

**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN
RESPONSE TO THIS MOTION WITHIN 21 DAYS AFTER THE DATE OF SERVICE
STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE
DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM
ATTACHED TO THIS MOTION.  ANY SCHEDULED HEARING MAY THEN BE
CANCELED.**

Paul Wigoda (the "Debtor"), by and through his undersigned counsel and pursuant to Fed.

R. Bankr. P. 9019 and Local Rule 9013-1(D)(3)(b), requests the entry of an order authorizing the

compromise and settlement of controversies between the Debtor and Michael Dezer a/k/a Michel

Dezertov ("Dezer").  In support, the Debtor states as follows:

**BACKGROUND**

1.      On or about November 11, 2016, Dezer loaned the Debtor $350,000.00 (the

"Loan").  In connection with the Loan, the Debtor executed a promissory note in favor of Dezer

(the "Note") and 1555 North Federal, LLC (the "Mortgagor")[1] delivered to Dezer a mortgage (the

"Mortgage") granting Dezer a security interest in real property located at 1555 North Federal

Highway, Ft. Lauderdale, Florida 33304 (the "Collateral").  The Note and the Mortgage are

collectively referred to as the "Loan Documents."

---

[1] The Mortgagor is owned by P.W. Family Limited Partnership.  The Debtor is the 97% owner of P.W. Family Limited
Partnership and the 100% owner and president of its general partner, P.W. Management Company.

2.      Pursuant to the Loan Documents, the Debtor was required to make a payment of all principal and interest due under the Note on January 10, 2017.

3.      On June 30, 2018, the Debtor and Dezer entered into a forbearance agreement thereby extending the maturity date to September 9, 2019.  Within the forbearance agreement, the Debtor and the Mortgagor reaffirmed the validity, binding effect and enforceability of the Loan Documents and that the Mortgage continued to encumber the Collateral. However, based upon alleged representations by the Debtor to Dezer, Dezer did not record the Mortgage in the Official Records of Broward County, Florida.

4.      On or about October 30, 2018, and allegedly without notice to Dezer, the Debtor caused the Mortgagor to sell the Collateral for a purchase price of $2,900,000.00.  In conjunction with the sale of the Collateral, neither the Debtor nor the Mortgagor paid any monies to Dezer from the disposition of the Collateral.

5.      The Debtor failed to pay Dezer all principal and interest by September 9, 2019, as contemplated by the forbearance agreement.

6.      On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its assets as a debtor in possession.  No trustee, examiner, or statutory committee has been appointed.

7.      As of the Petition Date, the Debtor is indebted to Dezer in the amount of $309,000.00 (the "Principal Sum"), exclusive of attorneys' fees, costs, and other expenses payable under the Loan Documents.

8.      Dezer has asserted that his debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

9.      The Debtor and Dezer have informally exchanged information concerning the potential claims held by Dezer and the Debtor's defenses to those claims.

10.     The Debtor and Dezer have engaged in good faith settlement negotiations and have reached mutually agreeable settlement terms.

11.     Through this motion, the Debtor seeks approval of a settlement whereby the Debtor furnishes a settlement payment in an eventual chapter 11 plan of reorganization to be filed with the Court in exchange for mutual releases by and between the Debtor and Dezer as set forth in the *Settlement Agreement* attached as **Exhibit A** (the "Settlement Agreement").  More specifically, the Settlement Agreement provides that: (i) regardless whether a chapter 11 plan of reorganization is confirmed, the case is dismissed, or the case is converted to chapter 7, the Debtor's debt owed to Dezer, including any payments under the Settlement Agreement, shall constitute, without the need for filing an adversary proceeding, a debt that is not discharged in this case pursuant to 11 U.S.C. § 523(a)(2), (ii) the Debtor shall pay Dezer monthly interest only payments for a period of sixty months in the amount of $1,258.90, which is the Principal Sum amortized over five years at an interest rate of 5% per annum, and (iii) the Debtor shall pay Dezer a balloon payment of $309,000.00 on the final month of the sixty month period.

## BASIS FOR RELIEF REQUESTED

12.     Through this motion, the Debtor seeks approval of the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019.

13.     Rule 9019 a provides that, after notice and hearing, the bankruptcy court may approve a proposed compromise. Fed. R. Bankr. P. 9019(a).  The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the bankruptcy

court.  *In re Arrow Air, Inc.,* 85 B.R. 886, 890-91 (Bankr. S.D. Fla. 1988); *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005).

14.    In considering proposed settlements, the bankruptcy court must determine whether a proposed settlement is fair and equitable.  *In re Chira*, 367 B.R. 888, 896 & n.10 (S.D. Fla. 2007); *In re Air Safety Int'l*, 336 B.R. at 859.  Further, the bankruptcy court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness."  *In re S & I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) (citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993)) (ruling that the bankruptcy court should approve a settlement or compromise "unless the proposed settlement falls below the lowest point in the range of reasonableness"); *In re Arrow Air, Inc.*, 85 B.R. at 886.

15.    The Eleventh Circuit, in *In re Justice Oaks 11, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied,* 498 U.S. 959 (1990), sets forth the following four factors to assist bankruptcy courts in determining whether to approve a settlement or compromise:

(a)    The probability of success in the future;

(b)    The difficulties, if any, to be encountered in the matter of collection;

(c)    The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

(d)    The paramount interest of the creditors and proper deference to their reasonable views in the premises.

16.     The proposed Settlement Agreement between the Debtor and Dezer satisfies the *In re Justice Oaks* factors as follows:

(a)    <u>Probability of Success in Litigation</u>:  While the Debtor believes that he has strong defenses to Dezer's claim of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2), the Debtor recognizes and appreciates that litigation is uncertain and that Dezer is willing, and has the resources, to pursue said litigation if necessary.  Dezer

contends that he would be successful in excepting the Loan from discharge due to the representations alleged above.

(b)     <u>Difficulties to be Encountered in the Matter of Collection</u>:  Not applicable from the Debtor's perspective.

(c)     <u>Complexity, Expense, and Delay Associated with the Litigation</u>:  Part of Dezer's claim is that the Debtor made certain representations to Dezer in order to delay the recording of the Mortgage against the Collateral, which permitted the Debtor to cause the sale of the Collateral without satisfying the Mortgage.  The Debtor fundamentally disagrees and disputes that he ever made such representations. While the Debtor maintains that Dezer's claim fails, litigating this dispute further would nonetheless result in protracted litigation that would significantly increase the estate's administrative liability for legal fees and expenses as well as delay the Debtor proposing and confirming a chapter 11 plan of reorganization and obtaining a discharge. Dezer's position is that he would be successful in excepting the Loan from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2) and is prepared to press this claim against the Debtor.

(d)     <u>Paramount Interest of Creditors and Proper Deference to Their Reasonable Views in the Premises</u>:  Because this motion is filed and served on negative notice, all creditors will have an opportunity to review the Settlement Agreement as well as an opportunity to accept or object to the terms.

17.     Applying the foregoing, the Debtor believes that the Settlement Agreement satisfies the four factors set forth in *In re Justice Oaks* and the requirements of Fed. R. Bankr. P. 9019. Although the Debtor believes he would succeed in his defenses against Dezer, the immediate benefits of the Settlement Agreement outweigh the risk, expense and delay associated with defending a complaint to determine the non-dischargeability of Dezer's debt.  As demonstrated in the foregoing analysis, the Debtor respectfully submits that the Settlement Agreement falls well above "lowest point in the range of reasonableness" and that the Court should approve the Settlement Agreement.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as **<u>Exhibit B</u>**: (i) granting this motion; (ii) approving the Settlement Agreement between the Debtor and Dezer; (iii) retaining jurisdiction to enforce the

terms of the Settlement Agreement; and (iv) granting such other and further relief as the Court

deems just and proper.

Dated April 8, 2020.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: jlanphear@slp.law

By:    */s/ Bradley S. Shraiberg*
        Bradley S. Shraiberg
        Florida Bar No. 121622
        Joshua B. Lanphear
        Florida Bar No. 125421

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court

for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by notice

of electronic filing via CM/ECF to all parties registered to receive such notice in this case on this

the 8th day of April, 2020.

*/s/ Bradley S. Shraiberg*

# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is effective as of the date of the last signature below ("Effective Date"), provided that it is approved by the Bankruptcy Court (defined below), and is made by and among Michael Dezer a/k/a Michael Dezertov ("Lender") and Paul Wigoda (the "Debtor"). Lender and Debtor are referred to below individually as "Party" or collectively as the "Parties."

WHEREAS, Lender and Debtor are parties to a certain loan (the "Loan") extended by the Lender to Debtor on November 11, 2016 in the principal amount of $350,000.00;

WHEREAS, in connection with the Loan, Debtor made and executed that certain Promissory Note (the "Note") in favor of Lender dated November 11, 2016, and 1555 North Federal, LLC ("Mortgagor") delivered a mortgage (the "Mortgage")[1] granting Lender a security interest in real property located at 1555 North Federal Highway, Fort Lauderdale, Florida (the "Collateral");

WHEREAS, pursuant to the Loan Documents, Debtor was required to make a payment of all principal and interest due under the Note on January 10, 2017 (the "First Maturity Payment");

WHEREAS, on June 30, 2018, the Parties entered into the Forbearance Agreement on June 30, 2018 extending the First Maturity Payment to September 9, 2019;

WHEREAS, within the Forbearance Agreement, Debtor and Mortgagor reaffirmed the validity, binding effect and enforceability of each of the Loan Documents and that the line of the Mortgage is valid and encumbers the Collateral;

WHEREAS, within to the Forbearance Agreement, Debtor and Mortgagor agreed to diligently sell the Collateral and inform Lender of all offers on the Collateral;

WHEREAS, on or around October 30, 2018, Debtor caused the Mortgagor to sell the Collateral by Warranty Deed for a purchase price of $2,900,000.00;

WHEREAS, in conjunction with the sale of the Collateral, neither Debtor nor the Mortgagor paid any monies to Lender from the disposition of the Collateral;

WHEREAS, Debtor failed to make the required September 9, 2019 payment to Lender as contemplated by the Forbearance Agreement;

WHEREAS, on September 20, 2019, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") initiating the bankruptcy case styled *In re Paul Wigoda*, Case No.: 19-22567-AJC ("Wigoda Bankruptcy Case") in the Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court");

WHEREAS, Lender has identified certain claims that he may hold against Debtor that may be brought within the Wigoda Bankruptcy Case;

---

[1] The Note and Mortgage are collectively known herein as the "Loan Documents".

WHEREAS, Lender has asserted that his debt nondischargeble pursuant to 11 U.S.C. § 523(a)(2);

WHEREAS, as of September 20, 2019, Debtor is indebted to Lender in the amount of $309,000.00 ("Principal Sum"), exclusive of attorneys' fees, costs, and other expenses payable under the Loan Documents;

WHEREAS, the Parties have informally exchanged information concerning the claims held by the Lender and Debtor's defenses to those claims;

WHEREAS, the Parties have engaged in good faith settlement negotiations and have reached mutually agreeable settlement terms, which are set forth in this Agreement; and,

NOW THEREFORE, in consideration of the foregoing and the mutual promises, undertakings and agreements contained herein, subject to Bankruptcy Court approval, the Parties agree as follows:

1.      Incorporation of Recitals. The foregoing recitals are true and correct and incorporated herein by reference.

2.      Settlement Payment.  Debtor agrees to make the following payments to Lender through a plan of reorganization filed in the Wigoda Bankruptcy Case, with said payments to commence on the 1st day of the 1st month following confirmation of said plan of reorganization: Debtor shall pay to Lender monthly interest only payments for a period of sixty (60) months in the amount of $1,258.90 (collectively, the "Monthly Payments"), which is the Principal Sum amortized over five (5) years at an interest rate of 5% per annum,  with a balloon payment of $309,000.00 due on the final month of the sixty (60) month period (the "Balloon Payment"; the Monthly Payments and Balloon Payment shall be known herein as the "Settlement Payments"). Regardless whether a Chapter 11 Plan is confirmed in the Wigoda Bankruptcy Case, the Wigoda Bankruptcy case is dismissed, or the Wigoda Bankruptcy Case is converted to Chapter 7 of Title 11 of the Bankruptcy Code, the Settlement Payments shall constitute, without the need for filing an adversary proceeding, a debt that is not discharged in the Wigoda Bankruptcy Case pursuant to 11 U.S.C. § 523(a)(2).  All payments under this Agreement shall be made by (i) delivering a check or money order made payable to Lender to: Michael Dezer, c/o Lawrence Pecan, Esq., 18001 Collins Avenue, 31st Floor, Sunny Isles Beach, Florida 33160.  Debtor is permitted to prepay the Settlement Payments in part or in full without penalty.

3.      Claim.  Debtor agrees that Lender shall have a claim in the Wigoda Bankruptcy Case in the amount of $309,000.00.

4.      Excepted from Discharge: Lender's claim shall be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) in the Wigoda Bankruptcy case.

5.      Release of Lender. To induce Lender to enter into this Agreement, Debtor, for himself, the Debtor's bankruptcy estate as stated within the Wigoda Bankruptcy Estate, and each

of his agents, attorneys, employees, shareholders, affiliates, successors, predecessors, heirs, personal representatives and assigns, release Lender, and each of their respective predecessors, successors, assigns, officers, directors, shareholders, partners, employees, agents, affiliates, parents, divisions, and attorneys (collectively, the "Released Parties"), jointly and severally, from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity (including without limitation, claims of fraud, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by Released Parties, which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the moment of the execution of this Agreement. Debtor agrees that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Florida. This release shall survive dismissal or conversion of the Wigoda Bankruptcy Case.

6.     Release of Debtor. Except for Lender's rights as stated in this Agreement and provided that Debtor performs all acts and makes all payments in the full amount, on or before the dates specified and in the form required herein, Lender shall, following the passage of ninety-one (91) days from the date of the last payment due as described above, release all claims against Debtor relating to the Loan Documents.

7.     Bankruptcy Court Approval Required. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Bankruptcy Court approving the Agreement. Pending such approval, the Parties agree to extend the date that Lender must object to the dischargeability of claims pursuant to 11 U.S.C. § 523 or the entry of a discharge in the Wigoda Bankruptcy Case pursuant to 11 U.S.C. § 727 (the "Bankruptcy Deadline Extension"). If the Bankruptcy Court does not approve this Agreement, then the general Bankruptcy Deadline Extension shall automatically, without further written agreement or pleading, be set as the 60th calendar date after the date of such order denying approval of this Agreement. In such event, Lender may file a motion to formally set the deadline by Court Order in the Wigoda Bankruptcy Case. Notwithstanding the foregoing tolling provisions, Lender shall from time to time extend the date for objecting to discharge or dischargeability.

8.     Default. In the event Debtor fails to remit the Settlement Payments to Lender on or before the applicable date stated herein, or any other default or breach of this Agreement shall occur hereunder including the disgorgement or return of any or all of the Settlement Payments, or any portion thereof, Lender shall immediately notify Debtor in writing of said default or breach (the "Default Notification"). Debtor shall have seven (7) days from receipt of said Default

Notification to cure the default or breach. In the event that Debtor fails to cure the default or breach within seven (7) days of receipt of the Default Notification, Lender shall be entitled to any and all remedies at law or in equity hereunder or under any documents executed in connection with the Loan Documents or this Agreement. In the event Debtor fails to cure the default or breach within seven (7) days of receipt of the Default Notification, this Agreement shall survive except Lender's release of Debtor or the Mortgagor. Any Default Notification shall be sent via email to Debtor at pwigoda@drwigoda.com with a carbon copy to Debtor's counsel, Bradley S. Shraiberg at bss@slp.law and Joshua Lanphear at jlanphear@slp.law.

9.    Interpretation. Lender and Debtor each represent and warrant to each other that (i) they have had sufficient time to review this Agreement and consult with counsel of their choice, (ii) they have received such advice as they deem necessary as to their legal rights under, and the validity and enforceability of, this Agreement, and (iii) they fully understand the content and legal effect of this Agreement. Moreover, the principle of construing a document most strictly against its drafter shall not apply with respect to the interpretation of this Agreement. No representations have been made by any party regarding the taxability of all or any portion of this Agreement.

10.    Entire Agreement. This Agreement (including any exhibits hereto) constitutes the entire agreement and contract between Lender and Debtor pertaining to the subject matter hereof. This Agreement supersedes all prior or contemporaneous agreements, representations or negotiations between Lender and Debtor hereto, and cannot be modified or amended except in writing executed by Lender and Debtor.

11.    Severability. In the event that any one or more of the provisions of this Agreement is held void, voidable, invalid, illegal, or unenforceable for any reason, then said provision shall be deemed to be severed and removed from this Agreement and the remainder of this Agreement shall remain in full force and effect as if said provision had never been contained herein.

12.    Governing Law. This Agreement shall in all respects be construed in accordance with and governed by the laws of the State of Florida, without regard to conflict-of-law rules.

13.    Attorneys' Fees. In the event that Lender or Debtor brings any litigation involving or arising out of this Agreement, then the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including appellate fees.

14.    Binding Effect and Cooperation. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and assigns. The parties hereby agree to cooperate in executing any further documentation that might be necessary to effectuate this Agreement.

15.     Paragraph Headings.  Headings used in this Agreement are for reference purposes only and shall not be deemed to have any substantive effect.

16.     Counterparts.  This Agreement may be executed in counterparts, including by facsimile, all of which together shall constitute one and the same instrument.

17.     No Joint Venture. Nothing contained in this Agreement shall be deemed or construed by the parties hereto or by any third party to create the relationship of principal and agent, partners, joint venturers, or of any association whatsoever between Lender, the Mortgagor, and Debtor other than the arms-length relationship of creditor and debtors.

18.     Joint Drafting. This Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Agreement, no provisions shall be construed and interpreted for or against any of the Parties because such provisions or any other provision of the Agreement as a whole is purportedly prepared or requested by such party.

19.     Final Expression. This Agreement is intended by the parties as a final expression of their agreement with respect to the subject matter hereof and as a complete and exclusive statement of the terms and conditions thereof, superseding and replacing all prior negotiations between the parties hereto, or any of them, whether written or oral.  Any provision of this Agreement may be changed, waived or terminated only by written instrument signed by the party against whom the change, waiver, or termination is sought to be enforced.  Each of the parties to this Agreement acknowledges that no other party, or agent or attorney of any other party has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the other party to execute this Agreement or any of the other documents referred to herein, and each party acknowledges that he, she or it has not executed this Agreement or such other documents in reliance upon any such promise, representation or warranty not contained herein.  No representations have been made by either party regarding the taxability of all or any portion of this Agreement.  The parties have had the opportunity to seek independent advice regarding the tax consequences of this Agreement and accept responsibility for satisfaction of any tax obligations that may result from this Agreement. The parties to this Agreement acknowledge that all of the terms of this Agreement were negotiated at arm's length and that this Agreement and all documents executed in connection with it were prepared and executed without undue influence of any kind exerted by any party upon any other party.

20.     **Time is of the essence of each provision of this Agreement.**

21.     Jury Trial Waiver.  LENDER AND DEBTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EACH MAY HAVE TO TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THE LOAN DOCUMENTS, THIS AGREEMENT AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING,

STATEMENTS, (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. EACH OF THE PARTIES ACKNOWLEDGES THAT THIS WAIVER OF JURY TRIAL IS A MATERIAL INDUCEMENT TO THE PARTIES IN ENTERING INTO THIS AGREEMENT, THAT LENDER AND DEBTOR WOULD NOT HAVE ENTERED INTO THIS AGREEMENT WITHOUT THIS JURY TRIAL WAIVER, AND THAT LENDER AND DEBTOR HAVE BEEN REPRESENTED BY AN ATTORNEY OR HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY IN CONNECTION WITH THIS JURY TRIAL WAIVER AND UNDERSTANDS THE LEGAL EFFECT OF THIS WAIVER. THIS WAIVER SHALL SURVIVE ANY TERMINATION OF THIS AGREEMENT. **THIS PARAGRAPH IS A MATERIAL INDUCEMENT FOR EACH OF THE PARTIES ENTERING INTO THIS AGREEMENT.**

| **Lender:** | **Debtor:** |
|---|---|
| Michael Dezer a/k/a Michael Dezertov | Paul Wigoda |
| Dated: _____3/20/20_____ | Dated: ___3/15/20___ |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Paul Wigoda,                                          Case No. 19-22567-AJC

      Debtor.                                          Chapter 11

_____/

**ORDER GRANTING DEBTOR'S**
**MOTION FOR APPROVAL OF SETTLEMENT**

This matter came before the Court upon the *Debtor's Motion for Approval of Settlement*

[ECF No. _____] (the "Motion") filed by Paul Wigoda (the "Debtor").  Through the Motion, the

Debtor requests that the Court approve the terms of the Settlement Agreement between the Debtor

and Michael Dezer a/k/a Michel Dezertov ("Dezer").  The Court has reviewed the Motion and the

Settlement Agreement attached as **Exhibit A** to the Motion and has determined that good cause

exists for granting the relief requested in the Motion.  Accordingly, for the foregoing reasons and

being otherwise advised in the premises, the Court ORDERS and ADJUDGES as follows:

{2271/000/00494788}                              9

1.      The Motion is GRANTED.

2.      The Settlement Agreement attached as **Exhibit A** to the Motion is APPROVED in its entirety.

3.      The Debtor's debt owed to Dezer, including any payments under the Settlement Agreement attached as Exhibit A to the Motion, is not discharged pursuant to 11 U.S.C. § 523(a)(2).

4.      The terms and conditions of the Settlement Agreement are incorporated by reference into this Order.

5.      The Court retains jurisdiction over the parties, subject matter, interpretation, effectuation, and enforcement of the terms of the Settlement Agreement.

###

Submitted by:

Bradley S. Shraiberg, Esq.
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

*Bradley S. Shraiberg, Esq. is directed to serve copies of this Order upon all parties in interest and to file a certificate of service with the Court.*