UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 19-22567-AJC |
| PAUL WIGODA, | Chapter 11 |
| Debtor. | |
| _____/ | |

## PW CAPITAL COLLECTIONS, LLC'S OBJECTION
## TO DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 9019, PW Capital Collections, LLC ("PW Capital") objects to Debtor Paul Wigoda's motion for approval of settlement [ECF #151]. The grounds for this objection are as follows.

### Background

1.\often This is an individual chapter 11 case. The Debtor has not proposed a plan, having sought and obtained two extensions of time to file and solicit acceptances to a chapter 11 plan.

2. In the motion, the Debtor is proposing to settle with Michael Dezer a/k/a Michael Dezertov ("Dezer"). According to the motion, Dezer loaned the Debtor the sum of $350,000.00 in November 2016, of which the Debtor still owes $309,000.00. Dezer has asserted that his debt is non-dischargeable. He alleges that the Debtor gave him a mortgage on a commercial property to secure the debt at the time of the loan and then made "representations" to him in connection with a forbearance agreement executed in June 2018 that caused Dezer not to record the mortgage. The motion does not describe the nature of the alleged representations, does not identify whether they were written or oral, and does not provide any analysis of Dezer's allegation. Dezer further alleges that the Debtor sold the property in October 2018 without satisfying the unrecorded mortgage, allegedly without notice to Dezer. The motion states that the Debtor "fundamentally disagrees and

disputes that he ever made such representations."

3. As it stands, Dezer's debt is unsecured because he has an unrecorded mortgage and there is no longer any collateral securing the loan.

4. The Debtor's proposed settlement with Dezer contains the following terms: (i) a stipulation that Dezer's $309,000.00 claim is non-dischargeable, (ii) monthly interest payments to Dezer for 60 months, and (iii) a balloon payment of the entire principal amount of the debt at the end of the 60-month period. The Debtor is obligated to make the proposed settlement payments to Dezer through a plan of reorganization.

## **Objection**

"It is a fundamental tenet of bankruptcy jurisprudence that the proponent of a settlement … bears the burden of demonstrating that the proposal is both reasonable and in the best interests of the bankruptcy estate." *In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005). In evaluating a proposed settlement, the Court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990). The Debtor's proposed settlement with Dezer in this case does not satisfy the *Justice Oaks* factors.

(a) <u>Probability of Success</u>: Dezer asserts that his claim is non-dischargeable under 11 U.S.C. § 523(a)(2), which applies to credit "obtained by" false pretenses, a false representation, or actual fraud. According to the summary of the facts in the motion, Dezer did not record the mortgage based on alleged representations by the Debtor that occurred *after* the loan and probably even *after* the forbearance agreement. The description is so vague it is impossible to know. If the Debtor did not make the alleged representations to obtain the loan, then Dezer cannot succeed in

2

challenging dischargeability. *See In re Kay*, 223 B.R. 816, 821 (Bankr. M.D. Fla. 1998) ("Approval of a compromise of claim is inappropriate when the compromised claim is invalid as a matter of law"). If the representations were oral, then Dezer may also be unable to succeed in challenging dischargeability. *See In re Appling,* 848 F.3d 953, 957 (11th Cir. 2017) ("To avoid discharge of a debt induced by a statement respecting the debtor's financial condition, a creditor must show reasonable reliance and that the statement was intentional, materially false, and in writing. Thus, a debt incurred by an oral, fraudulent statement respecting the debtor's financial condition can be discharged in bankruptcy.") The Debtor also, according to the motion, "fundamentally disagrees and disputes that he ever made such representations." In all, the Debtor has a viable defense and Dezer lacks a high probability of success.

    (b)    <u>Difficulties in Collection</u>:  This factor is not applicable.

    (c)    <u>Complexity, Expense, and Delay</u>:  Dezer's threatened non-dischargeability action is not complex. The motion characterizes the action as involving "protracted litigation" but there is no reason for lengthy proceedings to resolve a matter that may be resolved summarily depending on the nature of the representations or involve at worst a two-witness case hinging on the credibility of the Debtor and Dezer as to the alleged representations and the reasonableness of reliance. The legal expense for the Debtor to defend Dezer's non-dischargeability action is justified based on the relative strength of his defense.

    (d)    <u>Paramount Interest of Creditors</u>:  PW Capital is the largest creditor in this case. It appears that the Debtor is agreeing to a worst-case scenario outcome just to save the legal expense of litigating what could be a winnable defense of Dezer's non-dischargeability action. Dezer is an unsecured creditor that the Debtor is proposing to pay in full, with interest. There is no reason for any other creditor to support such a settlement. The settlement is also objectionable on the basis

that, if approved, it would (a) result in the discriminatory treatment of one unsecured creditor over all the others in violation of 11 U.S.C. § 1122, based on the flimsiest of allegations, *see In re Greystone III Joint Venture*, 995 F.2d 1274, 1276 (5th Cir. 1991), and (b) bind the Debtor to a particular plan treatment for Dezer at a time that the Debtor has not yet proposed a plan and there is no way to determine if the plan treatment will comply with the Bankruptcy Code. *See In re Hillsborough Holdings Corp.*, 153 B.R. 936, 940 (Bankr. M.D. Fla. 1993) ("[I]t is well established that a Court should not allow a Debtor to circumvent the requirements of Chapter 11 by authorizing action by the Debtor which would serve to dictate the terms of a future plan of reorganization. This Court is satisfied that approval of the present Motion would do just that. Approval of the Agreement would only predetermine the rights of the Banks and the treatment of the Banks' claims prior to the Confirmation hearing. This is clearly not a practice endorsed by the Bankruptcy Code, the Bankruptcy Rules or this Court. … [T]his Court will not permit the development of a plan of reorganization in a piecemeal fashion without complying with the required disclosure and solicitation provisions of the Bankruptcy Code, inasmuch as piecemeal development of a plan would put creditors at a disadvantage in plan negotiations.").

The Debtor's proposed settlement with Dezer falls below the lowest point in the range of reasonableness. *See In re Antonini*, No. 09-16850-AJC, 2010 WL 5315568, at *1 (Bankr. S.D. Fla. Dec. 20, 2010) (denying motion to approve settlement that did "not fall within the bounds of reasonableness"). The Court should not approve it.

WHEREFORE, PW Capital respectfully requests that the Court enter an order denying the Debtor's motion for approval of settlement [ECF #151], and granting PW Capital such further relief as is just and appropriate.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

                Respectfully submitted,

                WEISSMAN & DERVISHI, P.A.

      By:    /s/ Peter A. Tappert
                Brian S. Dervishi
                Peter A. Tappert
              Fla. Bar Nos. 350303 and 27100
              SunTrust International Center
              One Southeast Third Avenue, Suite 1700
              Miami, Florida 33131
              305-347-4070 (Telephone)
              305-347-4077 (Facsimile)
              bdervishi@wdpalaw.com
              ptappert@wdpalaw.com

              Attorneys for PW Capital Collections, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2020, a true and correct copy of the foregoing was served by CM/ECF on the parties named below and all others entitled to receive notice.

              /s/ Peter A. Tappert
                Peter A. Tappert

Bradley S. Shraiberg, Esq.
Shraiberg Landau & Page, P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130