

**ORDERED in the Southern District of Florida on January 30, 2024.**

**Corali Lopez-Castro, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

PAUL WIGODA,                                    Case No. 19-22567-CLC

Debtor.                                         Chapter 11
_____/

### ORDER GRANTING MOTION TO SELL SUNNY ISLES BEACH PROPERTY

THIS MATTER came before the Court for hearing on January 24, 2024 at 1:30 p.m. (the "Hearing") upon the *Debtor's Motion to Sell Sunny Isles Beach Property* [ECF No. 444] (the "Sale Motion") filed by Paul Wigoda (the "Debtor"), for the real property located at 18201 Collins Avenue, Unit 1709 & 1808A, Sunny Isles Beach, Florida 33160 (the "Sunny Isles Beach Property").[1]

The Court, having considered the Sale Motion and record in this case, obtained proffers and representations on the record from counsel, and noting 18201 Collins Avenue Condominium Association Inc.'s Objection to the Sale Motion [ECF No. 447] and the Limited Response in

---

[1] All capitalized terms not otherwise defined herein shall have the meaning as ascribed to them in the Sale Motion [D.E. 444].

{2271/000/00573267}                             1

Opposition thereto filed by the successful third-party bidder, MBH Industrial Inc. [ECF No. 452]; and having found that sufficient and adequate notice of the Sale Motion and Hearing was provided under the circumstances to all parties entitled to such notice [ECF No. 446], and that no further notice in connection with the Sale Motion shall be required; and having noted that the legal and factual bases set forth in the Sale Motion and presented at the Hearing establish just cause for granting the relief requested therein; having noted that the Debtor has demonstrated a sound business justification for the relief requested in the Sale Motion; and after due deliberation thereon and good and sufficient cause appearing therefor, and for the reasons stated on the record, the Court hereby **FINDS AND DETERMINES THAT:**

    A.    The Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Sale Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    C.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    D.    Proper, timely, adequate, and sufficient notice of the Sale Motion and the Hearing has been provided in accordance with 11 U.S.C. §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, and 6006 and the local rules of this Court. The form and manner of the notice of the Sale Motion and Hearing was adequate and sufficient under the circumstances, and no other or further notice of the Sale Motion, the Sale Hearing, or of the entry of this Order is necessary.

E.  As articulated on the record, there are good and sufficient reasons for the Court to grant the relief requested in the Sale Motion.

F.  The Debtor has demonstrated a sufficient basis to sell the Sunny Isles Beach Property under 11 U.S.C. § 363, and such actions are appropriate and reasonable exercises of the Debtor's business judgment and are in the best interests of the Debtor's estate, its creditors, and other parties in interest.

G.  The transfer of the Sunny Isles Beach Property as contemplated by the Contract is a valid, legal, and effective transfer of the Sunny Isles Beach Property notwithstanding any requirement for approval or consent by any person.

H.  The successful winning cash bid submitted by MBH INDUSTRIAL INC. (the "Buyer") to acquire the Sunny Isles Beach Property is fair, is in the best interest of the Debtor's estate and constitutes full and adequate consideration and reasonably equivalent value for the Sunny Isles Beach Property.

I.  No further consents or approvals are required by the Debtor and his non-filing spouse, RUTHY WIGODA, to consummate the sale of the Sunny Isles Beach Property to the Buyer.

J.  The legal description of the Sunny Isles Beach Property is:

> **Condominium Units 1709 & 1808A in TRUMP ROYALE, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 26642, Page 626, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.**

K.  The Buyer is not an insider, as that term is defined in 11 U.S.C. § 101(31) and the decisions thereunder. The Buyer is deemed a "good faith purchaser", as that term is used in the Bankruptcy Code and the decisions appurtenant thereto, and is entitled to the full benefits and protections afforded by 11 U.S.C. § 363(m) with respect to the sale of the Sunny Isles Beach Property.

L.      The Debtor may sell the Sunny Isles Beach Property free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, except as otherwise expressly set forth herein, because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f) have been satisfied. Those holders of any liens, claims, encumbrances, and interests who did not object, or who withdrew their objections, to the sale of the Sunny Isles Beach Property and the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). All objections to the Sale Motion have been resolved or overruled.

M.      Upon entry of this Order, the Debtor may sell the Sunny Isles Beach Property as of the closing date free and clear of all liens, claims, and encumbrances to the fullest extent permitted by law and except as otherwise provided in the Sale Motion and Confirmed Plan.

N.      The Debtor has full power and authority to sell the Sunny Isles Beach Property to the Buyer pursuant to 11 U.S.C. § 363(b) for the agreed upon purchase price of $5,100,000.00 and to execute the Debtor-In-Possession in connection therewith.

O.      A certified copy of this Order may be filed with the appropriate clerk of court and/or recorded with the county recorder to cancel the liens, claims, and other encumbrances of record.

Accordingly, it is **HEREBY ORDERED, ADJUDGED and DECREED THAT**:

1.      The Sale Motion [ECF No. 444] is **GRANTED**.

2.      The Objection filed at ECF No. 447 and all other objections and responses to the Sale Motion are **OVERRULED** and **DENIED**.

3.      Pursuant to 11 U.S.C. § 363(b)(1) and the *Debtor's Amended Plan of Reorganization* [ECF No. 243] (the "Plan") confirmed by the Court in its *Order Confirming Debtor's Amended Chapter 11 Plan of Reorganization* [ECF No. 339] (the "Confirmation Order"), the Debtor's sale of the Sunny Isles Beach Property to the Buyer pursuant to the terms set forth in the Sale Motion is **APPROVED** in all respects.

4. Except as provided herein, the Debtor shall be, and hereby is, authorized, empowered and directed, pursuant to 11 U.S.C. §§ 105 and 363(b), to sell the Sunny Isles Beach Property to the Buyer upon delivery of the consideration in accordance with the Sale Motion and attached Contract. Pursuant to 11 U.S.C. §§ 363(f)(2), (4) and (5), the sale of the Sunny Isles Beach Property shall be free and clear of any and all liens, claims, encumbrances, lis pendens, rights of possession, contracts, covenants, options or other rights to acquire any interest in the assets, interests and other liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise, including without limitation, any right of setoff, recoupment, netting or deduction, *other than* those existing tax claims of the Miami-Dade Tax Collector, and any other valid, secured claim or encumbrance as set forth in the Sale Motion and Plan, if any, which will attach or be satisfied by the gross sale proceeds.

5. Such sale shall be free and clear of the Allowed JPMorgan Chase Secured Claims, the Allowed Lift Forward Secured Claim, and the Allowed Trump Royale Condo Association Secured Claim, as such terms are defined in the Plan, and such sale shall be free and clear of all other claims treated in the Plan.

6. All other liens, claims, encumbrances, and interests, not provided for in the Sale Motion or Plan, shall immediately release and be deemed to have released its mortgages, liens, claims, and encumbrances in and against the Sunny Isles Beach Property.

7. The Debtor and Ruthy Wigoda shall execute all documents reasonably necessary to timely effectuate the closing of the sale transaction contemplated in the Sale Motion, including,

but not limited to, a Debtor-In Possession Deed substantively similar to the form attached to the Sale Motion.

8. Pursuant to the Plan and 11 U.S.C. § 1146(a), such sale of the Sunny Isles Beach Property shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9. At closing, the Debtor shall pay the 5% buyer's premium of $255,000.00, which shall be split evenly between Moecker Realty Inc. *d/b/a* Moecker Brokers, as the Debtor's broker, and Michael Malina/Dezer Platinum Realty, as the Buyer's broker.

10. The net proceeds of the sale shall be paid to the trust account of the Debtor's counsel, Shraiberg Page, P.A., for distribution pursuant to the terms of the Plan, and the Debtor is authorized to withhold from such Plan distribution, and pay over to the United States Trustee, the sum necessary to satisfy the 28 U.S.C. § 1930(a)(6)(A) United States Trustee fee that the Debtor will owe on account of such Plan distribution.

11. Subject to the delivery of the consideration in accordance with the Contract and completing all other deliveries required under the Contract, the sale of the Sunny Isles Beach Property to the Buyer shall constitute a legal, valid and effective transfer of the Sunny Isles Beach Property notwithstanding any requirement for approval or consent by any person and shall vest the Buyer with all right, title and interest in and to the Sunny Isles Beach Property free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363.

12. The Buyer is a good faith purchaser of the Sunny Isles Beach Property and is hereby granted and entitled to all of the protections provided to such a good faith purchaser under 11 U.S.C. § 363(m), and shall be entitled to such protection even before this Order becomes final and non-appealable. Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court,

such reversal, modification, or vacatur shall not affect the validity and enforceability of the sale or any sale, transfer or assignment under the Contract or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal prior to the closing of the Sunny Isles Beach Property), and notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment shall be governed in all respects by the original provisions of this Order or the Contract, as the case may be.

13. This Order and the Contract shall be binding upon, and shall inure to the benefit of, the Debtor, Ruthy Wigoda, and the Buyer, and their respective successors and assigns, including without limitation, any successor Chapter 7 or Chapter 11 trustee.

14. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.

15. The sale of the Sunny Isles Beach Property to Buyer under the Contract will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

16. Any and all creditors of the Debtor shall be forever barred, estopped and enjoined from taking any action of any kind against the Sunny Isles Beach Property on account of any claim against the Debtor or the Sunny Isles Beach Property. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Sunny Isles Beach Property to the Buyer in accordance with the Sale Motion, the Plan, and this Order.

17. The provisions of this Order are non-severable and mutually dependent without written consent of Buyer.

18.     This Court shall retain jurisdiction specifically to enforce the provisions of this Order, the Sale Motion, and the Contract and to resolve any dispute concerning this Order, the Contract, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Contract and this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Sunny Isles Beach Property and all issues and disputes arising in connection with the relief authorized herein.

19.     In addition to service of this Order upon all interested parties, the Debtor's counsel shall cause this Order to be served via FedEx overnight delivery to the following interested party, and to file a certificate of service regarding the same:

>Miami-Dade Tax Collector
>140 W. Flagler Street
>Suite 1407
>Miami, Florida 33130-1575

# # #

Submitted by:

Bradley S. Shraiberg, Esq.
Shraiberg Page P.A.
Counsel for the Debtor
2385 NW Executive Center Drive
Suite 300
Tel: 561-526-8459
Fax: 561-998-0047
bss@slp.law

*Bradley S. Shraiberg, Esq., is directed to serve a copy upon all interested parties and to file a certificate of service.*